UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

S.L. SAKANSKY & ASSOCIATES, INC., an
Illinois Corporation,

      Plaintiff,

v.                                                                    Case No.  3:05-cv-708-J-32MCR

ALLIED AMERICAN ADJUSTING COMPANY
OF FLORIDA, LLC., etc., et. al.,

      Defendants,
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Compel (Doc. 54) and Request for Oral Argument (Doc. 55) filed June 1, 2007.  On June 21, 2007, this Court entered an Order requiring the parties to confer regarding Defendants' Motion to Compel and to file a Notice or Response – depending on the appropriate response  – to such Motion no later than June 27, 2007.  (Doc. 58).  It was unclear to the Court whether the Motion to Compel was deemed moot in light of the parties' Joint Motion for Extension of Time to Complete Discovery (Doc. 56) and the entry of an Order extending the discovery deadline to July 22, 2007 (Doc. 57).

      Because Defendants did not file a Notice with this Court that their Motion is now moot, the Court can only assume Defendants continue to seek an order compelling Plaintiff's discovery responses.   Notably, Plaintiff has not produced the requested discovery and has failed to file a response to Defendant's Motion to Compel on two separate occasions.  As such, the Court will proceed to rule on the Motion to Compel as though it were unopposed.

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731. The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Here, Defendants seek an Order from this Court requiring Plaintiff to respond to Defendants' interrogatories and discovery requests and to produce the responsive documents.  Defendants served Plaintiff with interrogatories and document requests on March 26, 2007.  See Docs. 54-2, 54-3.  Plaintiff's responses were due on May 1, 2007; however, Plaintiff did not respond to the discovery requests.  Defendants then corresponded with Plaintiff in an attempt to obtain Plaintiff's responses and although Defendants state Plaintiff agreed to produce its responses and documents by May 25, 2007, Plaintiff again failed to do so.  In fact, to date, Plaintiff has still not responded to Defendants' discovery requests.  Moreover, Plaintiff has failed to file a response to Defendants' Motion to Compel – despite the fact this Court has given Plaintiff an

additional time period to respond.  The Court has considered Defendants' discovery requests and finds Defendants are entitled to the discovery they seek.

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendants' Motion to Compel (Doc. 54) **is GRANTED.** Plaintiff shall respond to Defendant's First Set of Interrogatories and First Request for the Production of Documents, and shall produce all relevant documents, no later than **Monday, July 16, 2007.**

2. Defendant's Request for Oral Argument (Doc. 55) **is DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  6th  day of July, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record